





UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANNON WEAVER, Petitioner, vs. LINDA SANDERS, Warden, Respondent. | Case No. CV 13-3269-FMO (JPR) <br> MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

Petitioner's 28 U.S.C. § 2241 habeas action improperly challenges the conditions of his confinement rather than the validity or duration of that confinement. Accordingly, the Court dismisses the petition summarily, without prejudice to Petitioner's pursuit of relief through a civil rights action under 42 U.S.C. § 1983.

Petitioner Mark Shannon Weaver is a federal inmate currently housed at the Federal Correctional Center in Terre Haute, Indiana. He asserts that personal property mailed to him at FCC Beaumont, Texas, from the FCC in Lompoc, California, at both of which he was apparently previously housed, never arrived and has

been lost. (Pet. at 3.)[1] He further asserts that prison officials did not follow proper procedure in preparing and shipping the materials. (Pet. at 4.) He seeks to be "reimbursed for lost or stolen property by staff incompetence," for a total of $778.90. (Pet. at 3.)

But the principal purpose of a habeas corpus writ is to provide a remedy for prisoners challenging the fact or duration of their confinement and who are thus seeking either immediate or a sooner-than-scheduled release. See Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973) (holding that habeas petition, not civil rights action, proper vehicle for seeking restoration of good-time credits). The Supreme Court has left open the possibility that habeas petitions "may . . . also be available to challenge . . . prison conditions," which ordinarily must be challenged by way of a civil rights action. Id. at 499-500; accord Bell v. Wolfish, 441 U.S. 520, 527 n.6, 99 S. Ct. 1861, 1868 n.6, 60 L. Ed. 2d 447 (1979) (noting possibility of habeas as means to address prison conditions but declining to decide issue). Nor has the Ninth Circuit completely foreclosed the use of habeas actions to challenge prison living conditions. See Docken v. Chase, 393 F.3d 1024, 1030 & n.6 (9th Cir. 2004) (collecting cases illustrating how Ninth and several other "Circuits have all struggled . . . with the distinction between the two remedies" but noting that "[n]one ha[s] suggested that the avenues for relief must always be mutually exclusive").

---

[1] The pages of the Petition are not in order. The Court uses the preprinted number at the bottom of each page.

Allowing a habeas corpus action to challenge prison conditions appears to be the rare exception, however. The Ninth Circuit has made clear that the preferred, "proper" practice is to limit habeas cases to claims that would lead to the petitioner's release sooner than otherwise would occur and to confine other prisoner claims to civil rights suits. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("A civil rights action, in contrast [to a habeas petition], is the proper method of challenging 'conditions of . . . confinement.'"); accord Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because petition's challenges to conditions of confinement had to be brought in civil rights action); see also Gavin v. Lappin, No. CV 11-00095 AHM (RZ), 2011 WL 166288 (C.D. Cal. Jan. 12, 2011) (dismissing habeas petition seeking return of property allegedly lost by prison officials without prejudice to refiling as civil rights action).

Here, if Petitioner's claim were to succeed, he would not be entitled to an accelerated release from confinement. Instead, he would get his property back or receive the fair value of it. The Court sees no justification for deviating from the "proper" course, namely, requiring conditions-of-confinement claims like Petitioner's to be brought in a civil rights action. Although a district court does have discretion to construe a habeas petition raising civil rights claims as a civil rights action, see Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 409, 30 L. Ed. 2d 418 (1971) (superseded by statute on other grounds), the Court chooses not to do so here, given that Petitioner

appears to allege mere negligence, not any sort of constitutional violation.[2]

For the foregoing reasons, the Court DISMISSES this action WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: May 15, 2013

/s/
FERNANDO M. OLGUIN
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

---

[2]Petitioner apparently may not bring a federal tort action. See generally Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 128 S. Ct. 831, 169 L. Ed. 2d 680 (2008) (holding that prison officials who negligently lost property during transfer of prisoner are immune from suit).